## Case No. 9,534.

### MIDDLETON v. SINCLAIR.

[5 Cranch, C. C. 409.] [1]

Circuit Court, District of Columbia. March Term, 1838.

DEEDS — ACKNOWLEDGMENT — FRAUDULENT CONVEYANCE—CONTINUING IN POSSESSION—EVIDENCE—VARIANCE IN DESCRIPTIONS.

1. In 1823, the commissioner of the public buildings in Washington had authority to take the acknowledgment of deeds of land in Washington county.

2. A purchaser under an execution against the grantor has a right to show the deed to be fraudulent as to the creditor under whose execution he purchased. Although there is a variance, in some respects, in the description of the land in the two deeds, they may be given in evidence to the jury, who may decide the question of identity.

3. A conveyance to his son, by a father, of all his estate and effects, while indebted, and continuing in possession after the conveyance, is evidence of intent to hinder, delay, and defraud his creditors.

[Cited in Merriman v. Hyde, 9 Neb. 119, 2 N. W. 218.]

Ejectment for land in the county of Washington, D. C. The plaintiff [Middleton's lessee] offered in evidence a deed from Smallwood C. Middleton to his son Samuel Middleton, under whom the lessors of the plaintiff claimed title. This deed was dated February 24th, 1823, and acknowledged before Mr. Elgar, the commissioner of the public buildings, who succeeded to the office of superintendent, who succeeded to the office of the commissioners appointed under the act of congress of the 16th of July, 1790 (1 Stat. 130), who were severally authorized to take such acknowledgments, by the Maryland act of 1791, c. 45, §§ 7, 8. When the board of commissioners was dissolved by the act of congress of 1st of May, 1802 (2 Stat. 175), entitled "An act to abolish the board of commissioners in the city of Washington, and for other purposes," the office of superintendent was created, to whom was transferred all the powers of the commissioners, and by the act of the 29th of April, 1816, c. 150, §§ 2, 5 (3 Stat. 324), the office of superintendent was abolished and that of commissioner was established, to whom was transferred all the duties of the old board of commissioners, and of the superintendent.

Mr. Morfit and Mr. Key, for defendant [Rezin Sinclair], objected to the admission of the deed in evidence, and contended that the commissioner for the public buildings had no authority to take the acknowledgment; that he succeeded only to the powers of the commissioners as a board, and not to any powers given to the commissioners severally. The Maryland act of 1791, c. 45, § 8, says, "that acknowledgments of deeds" "made before and certified by either of the commissioners, shall be effectual." The act of congress of the 1st of May, 1802, § 2 (2 Stat. 175), says, "And the

said superintendent is hereby invested with all powers, and shall hereafter perform all duties which the said commissioners are now, vested with, or are required to perform, by, or in virtue of any act of congress or any act of the general assembly of Maryland, or any deed or deeds of trust from the original proprietors of the lots in the said city, or in any other manner whatsoever." And by the second section of the act of congress of the 29th of April, 1816, c. 150 (3 Stat. 324), it is enacted that the commissioner of the public buildings "shall perform all the duties with which the said three commissioners" (appointed under the act of 16th of July, 1790) "were charged;" and by the 5th section of the same act of 29th April, 1816, it is enacted that the duties of the office of superintendent thereby abolished "shall be performed by the commissioner to be appointed by virtue of this act." The commissioner, therefore, had only the powers given to the first commissioners as a board.

THE COURT, however (THRUSTON, Circuit Judge, absent), overruled the objection, and said that the point was settled in the case of Peltz v. Clarke [Case No. 10,914], in this court at May term, 1826, and they were not disposed to disturb that decision.

Mr. Bradley, for plaintiff, then contended, that the defendant, being neither a creditor of Smallwood C. Middleton, the grantor, nor a subsequent purchaser from him, was not competent to object to the validity of the deed as being fraudulent; for, if fraudulent, it is so only as to creditors and subsequent purchasers.

But THE COURT (THRUSTON, Circuit Judge, absent) overruled the objection; because the defendant does not claim in the character of a subsequent purchaser; but claims under a judgment and execution in favor of a creditor who had furnished materials for a building erected upon the land in dispute before the date of the deed; and if the deed was void as to that creditor the sale under the execution was valid, and the defendant, who claims under that sale has a good title.

The defendant, in order to show his right as a creditor, or as claiming under a creditor, offered in evidence a judgment, fieri facias, and sale in 1827, in an action by King and Langley against the grantor, Smallwood C. Middleton, and that the cause of action originated before the date of the deed. That the land was sold under the fieri facias to one C. King, who conveyed to a Mrs. Bryan, under whom the defendant claims title. The description of the land in the deed from the marshal differs, in some respects, from that in the deed from S. C. Middleton to his son in 1823; the beginning, however, is the same.

Mr. Bradley objected to that evidence on account of this difference in the description of the land.

But THE COURT (nem. con.) permitted the evidence to go to the jury.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Key, for defendant, then prayed the court to instruct the jury, that if they should believe from the evidence that the said S. C. Middleton at the date of the said deed to his son was indebted to the said King and Langley, and that after the said deed he continued in possession of all the property mentioned in the said deed until the said sale under the said execution of King and Langley, and the said purchase by Mrs. Bryan as aforesaid, and that he had no other property; then such indebtedness, and such continuing in possession, is evidence of the said deed's being made by the said S. C. Middleton to his son, with intent to hinder, delay, and defraud his creditors: and that upon the said evidence of such intent, if believed by the jury, the plaintiff is not entitled to recover in this action.

And THE COURT (nem. con.) so instructed them; and also at the prayer of Mr. Bradley, for plaintiff, further instructed them, that if from the evidence they should be of opinion that the said deed was made bonâ fide, and without any intent to defeat or defraud the creditors of the said S. C. Middleton, and for a valuable consideration; and the said Samuel Middleton (the son) was jointly in possession of the said land, with the said Smallwood C. Middleton after the making of the said deed, then the plaintiffs are entitled to recover.

Verdict for the defendant.